

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

December 14, 2023

**BY ECF**

The Honorable Jed S. Rakoff
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

    Re:    *United States v. Isaac Schachtel*, 20 Cr. 400 (JSR)

Dear Judge Rakoff:

    The Government respectfully submits this letter in connection with the sentencing of Isaac Schachtel (the "defendant") in the above-captioned matter, currently scheduled for December 21, 2023 at 12:00 p.m. For the reasons set forth below, the Government respectfully submits that a sentence within the Guidelines range of 30 to 37 months' imprisonment is appropriate in this case.[1]

### I.    Offense Conduct

    The defendant is one of a network of individuals who participated in a scheme to launder what they believed to be criminal proceeds by various methods. He was first identified to law enforcement by a confidential source ("CS-1") in or around January 2019. Beginning in May 2019, CS-1, another confidential source ("CS-2"), and two undercover agents ("UC-1" and "UC-2") provided Schachtel and his associates – Jose Morely Chocron, Juan Marcos Matos Ruiz, Juan Carlos Balaguera Villamizar, and Alfredo Lichoa – with more than $1.5 million in funds that they represented were the proceeds of bribe payments to Brazilian public officials, and which the defendants agreed to launder. *See* Presentence Investigation Report ("PSR") ¶¶ 13-37.

    Schachtel was part of a criminal scheme that laundered more than half a million dollars, and which involved arranging for the purported criminal proceeds to be received in cash from the confidential sources and undercover agents and transferred to undercover FBI bank accounts – at least one of which was located in the Southern District of New York – via international and

---

[1] The plea agreement, which was issued before the most recent amendment to the Sentencing Guidelines took effect, contemplated a Stipulated Guidelines Range of 37 to 46 months' imprisonment; however, the parties also agreed that, pursuant to Section 4C1.1 of the November 2023 version of the Sentencing Guidelines manual, the defendant would be entitled to a two-level reduction to his offense level, and that accordingly Schachtel should be sentenced as though the applicable Guidelines sentencing range is 30 to 37 months' imprisonment, and the applicable Guidelines fine range is $10,000 to $100,000, as if these ranges were based on an offense level of 19 and Criminal History Category I. The Presentence Investigation Report ("PSR") calculation of the offense level is thus consistent with the applicable Guidelines Range contemplated by the parties in the plea agreement.

domestic bank accounts. Schachtel self-identified as a partner of Chocron's in the laundering scheme, and he was personally informed as to the illicit origin of the purportedly tainted funds, and willingly volunteered to assist in laundering those funds. In a meeting with UC-1, Schachtel bragged about the scope of his money laundering network in and around the Miami area. Schachtel explained that he was well-positioned to launder funds because of the extent of his criminal contacts, and he in fact laundered funds at the request of UC-1. Schachtel even went so far as to introduce Lichoa to UC-1, in an attempt to further expand UC-1's efforts to launder criminal proceeds.

## II.     Procedural History

The defendant was charged by complaint on February 27, 2020 along with several co-conspirators, the majority of whom were arrested on March 9, 2020. Schachtel was indicted on August 6, 2020 with one count of conspiracy to commit money laundering, in violation of Title 18, United State Code, Section 1956(h) (the "Indictment"). Despite knowing of these charges, Schachtel was a fugitive and avoided the jurisdiction of the United States until he self-surrendered on September 20, 2023. Schachtel pled guilty to the Indictment pursuant to a plea agreement on September 26, 2023, in which the parties calculated the defendant's Criminal History Category as I, and the applicable Guidelines offense level as 21, resulting in a Guidelines range of 37 to 46 months' imprisonment. Under Section 4C1.1 of the November 2023 version of the Sentencing Guidelines manual, which is currently in effect, the applicable Guidelines Range is 30 to 37 months' imprisonment, consistent with that calculated by the Probation Office.

## III.    Discussion

Although *United States v. Booker* held that the Guidelines are no longer mandatory, it also held that they remain in place and that district courts must "consult" the Guidelines and "take them into account" when sentencing. 543 U.S. 220, 264 (2005). As the Supreme Court stated, "a district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range," which "should be the starting point and the initial benchmark." *Gall v. United States*, 552 U.S. 38, 49 (2007).

After that calculation, a sentencing judge must consider seven factors outlined in Title 18, United States Code, Section 3553(a): (1) "the nature and circumstances of the offense and the history and characteristics of the defendant;" (2) the four legitimate purposes of sentencing, as set forth below; (3) "the kinds of sentences available;" (4) the Guidelines range itself; (5) any relevant policy statement by the Sentencing Commission; (6) "the need to avoid unwarranted sentence disparities among defendants;" and (7) "the need to provide restitution to any victims." 18 U.S.C. § 3553(a)(1)-(7); *see also Gall*, 552 U.S. at 50 & n.6.

In determining the appropriate sentence, the statute directs judges to "impose a sentence sufficient, but not greater than necessary, to comply with the purposes" of sentencing, which are:

(A)   to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
(B)   to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and
(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

18 U.S.C. § 3553(a)(2).

In this case, a sentence within the Guidelines range is necessary to reflect appropriately the nature and seriousness of the defendant's conduct, to promote respect for the law, and to afford adequate deterrence to those similarly situated to the defendant.

The defendant, in order to make money, participated in a conspiracy to launder $565,000 in cash that had been represented to him to be the proceeds of bribe payments that had been made to Brazilian public officials. The defendant engaged in these transactions after thought and deliberation. He, in fact, bragged about the scope and extent of his ability to launder those funds. The defendant called upon a network of couriers and associates, some of whom were charged as his co-conspirators, who would arrange for the funds to be moved. The defendant then coordinated cleaning of that cash, by arranging for the funds – minus a commission – to be transferred back to bank accounts that he believed were controlled by other money launderers, but which were in fact controlled by the FBI, in order to make the influx of funds appear to have come from a legitimate source.

While the funds in question ultimately were not actually criminal proceeds, the defendant was both eager to accept them and prepared to do so. Such conduct is serious and warrants a sentence within the Guidelines range.

## IV. Conclusion

For the reasons set forth above, the Government respectfully requests that the Court impose a sentence within the Guidelines range, as such a sentence would be sufficient but not greater than necessary to serve the legitimate purposes of sentencing.

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York

By: _____
Sarah Mortazavi
Assistant United States Attorney
(212) 637-2520

cc: Oscar Rodriguez (via ECF)